4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joshua MOORE, Plaintiff/Appellant,
v.
Howard A. PETERS, et al. Defendants/Appellees.
 No. 92-2054.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 1, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joshua Moore, an inmate who is incarcerated at the Pontiac Correctional Center in Pontiac, Illinois, brought a civil rights action pursuant to 42 U.S.C. Sec. 1983, against various prison officials, and the district court granted summary judgment in favor of the defendants. Upon consideration of the parties' briefs and the record in this case, we AFFIRM for the reasons stated in the attached district court order.
 
 ATTACHMENT
 ORDER
 
 2
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. Sec. 1983. The plaintiff claims that the defendants, various Pontiac correctional officials, violated the plaintiff's constitutional rights by denying him due process. More specifically, the plaintiff alleges that he was indicted on state charges without being charged internally for violating state law. This matter is before the court for consideration of the defendants' motion for summary judgment. For the reasons stated in this order, the motion will be allowed.
 
 
 3
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir.1985). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988).
 
 
 4
 The following facts are undisputed: the plaintiff is a state prisoner, confined at the Pontiac Correctional Center at all times relevant to this action. Each of the defendants is or was employed at Pontiac. The defendant, Erick Haliam, is a Pontiac correctional officer; Daniel Kelly is the Superintendent of the plaintiff's cellhouse. Richard Irvin is an internal affairs investigator. Howard Peters was the warden of the institution at the time of the events giving rise to this action.
 
 
 5
 On July 27, 1990, the defendant, Haliam, issued the plaintiff a disciplinary report charging him with violations of prison rules 104 (possession of dangerous contraband) and (205) (possession of gang material). Superintendent Kelly signed the report. The plaintiff appeared before a prison Adjustment Committee on August 1, 1990, for a hearing on the charges; however, he requested no witnesses and refused to testify on his behalf. The Committee found the plaintiff guilty of both offenses and imposed a one-year "across the board" penalty. Warden Peters approved the Adjustment Committee's recommendation. The plaintiff received a copy of the Committee's written summary of evidence and reasons for its decision.
 
 
 6
 On October 23, 1990, the Livingston County State's Attorney charged the plaintiff with committing the criminal offense of unlawful possession of a weapon by a person in a D.O.C. facility. The plaintiff asserts that the defendant, Richard Irvin, arranged the indictment. The plaintiff pled guilty to the charges and was sentenced to six additional years of imprisonment.
 
 
 7
 The plaintiff's disciplinary proceedings did not violate his constitutional rights. The Fourteenth Amendment requires written notice of the charges, the right to contest the charges before an impartial hearing body, the limited right to call witnesses, and a written statement of reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). As noted in the statement of undisputed facts, the plaintiff was afforded each of these due process safeguards. The record reveals that the plaintiff received full due process in the disciplinary proceedings against him.
 
 
 8
 The plaintiff argues that the disciplinary report was insufficient to apprise him of the charges against him. The court disagrees. According to Wolff:
 
 
 9
 Part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact.... Written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. Wolff, 418 U.S. at 564.
 
 
 10
 Here, the plaintiff received a disciplinary report containing the following information:
 
 
 11
 On the above date and time, while shaking down Res. Moore and his cell, this lieutenant discovered a homemade weapon, measuring approximately 7 1/2" X 1"' made of flat steel, and sharpened to a point on one end. Said weapon was found on Res Moore's person, within his underwear in the buttocks area. Also found during the shakedown of Res Moore's cell, W306, was approximately 105 pages of gang literature, identifiable as B.O.S., taped to the bottom of a cardboard box.
 
 
 12
 The disciplinary report provided adequate notice of the precise nature of the charges. In addition, the court notes that at least two incident reports concerning the discovered contraband were written by accompanying officers, as well as a shakedown/confiscation form. Furthermore, although the court finds that the report leaves no doubt as to the basis for the charges, if the plaintiff was confused or needed additional time to marshal facts, he could have requested a continuance. The court finds no denial of due process.
 
 
 13
 The plaintiff further contends that he should not have been criminally prosecuted in state court because he was not charged internally with infringement of Rule 501 (violation of state and federal laws). The plaintiff's interpretation of the departmental rule, however, is incorrect.
 
 
 14
 Prison regulations did not require internal disciplinary proceedings as a prerequisite to state indictment. The rule in effect at the time of the events giving rise to this complaint[1] stated as follows:
 
 
 15
 Definition: Committing any act which would constitute a violation of State or Federal law. If the specific offense is stated elsewhere in this Part, a committed person may not be charged with this offense. The State or Federal offense must be specified in the violation report.
 
 
 16
 Ill.Admin.Code, tit. 20, Sec. 501 (July 27, 1990). The rule does not mandate that an inmate be charged with violating state law in order for him to be criminally prosecuted. To the contrary, the rule prohibits correctional employees from charging an inmate with violating a state or federal law when the departmental rules already provide punishment for the specific offense.
 
 
 17
 In the case at bar, the plaintiff was accused of possession of dangerous contraband and gang materials. Since the rules expressly provided punishment for both particular offenses, prison officials had no authority to charge the plaintiff with violating state or federal law, an apparent "catch-all" for crimes not contained in the prison regulations. Furthermore, because prison officials did not charge the plaintiff with violating state or federal law, they were not required to specify which state or federal law he might have violated. The court finds no constitutional basis for the plaintiff's argument that prison officials had to inform him before referring the matter to state law enforcement officials.
 
 
 18
 In summary, the court finds that no material facts are in dispute and concludes that the defendants are entitled to judgment as a matter of law. The prison disciplinary proceedings against the plaintiff stemming from charges of possession of dangerous contraband and gang materials satisfied the Due Process Clause. Furthermore, the court finds no constitutional violation in the plaintiff's subsequent indictment on state charges. Prison officials were not required either to charge the plaintiff with violating state law before arranging for state prosecution, or to inform the plaintiff in advance of their intention to do so. Accordingly, the defendants' motion for summary judgment will be granted.
 
 
 19
 IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (docket # 19) is allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 20
 Enter this 9th day of April, 1992.
 
 
 21
 /s/ Harold A. Baker
 
 Harold A. Baker
 United States District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The current rule is substantially unchanged